UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| HEATHER M. MEEKS, <br><br> Plaintiff, <br><br> v. <br><br> ANONYMOUS HEALTHCARE PROVIDER 1, et al., <br><br> Defendants. | CAUSE NO.: 2:23-CV-181-TLS-JPK |

## OPINION AND ORDER

This matter is before the Court on The United States' Motion to Dismiss Plaintiff's Complaint, or Alternatively for Summary Judgment [ECF No. 6], filed on June 9, 2023. The Motion is fully briefed. For the reasons set forth below, the Court grants the Motion.

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court construes the complaint in the light most favorable to the non-moving party, accepts the factual allegations as true, and draws all inferences in the non-moving party's favor. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant may discharge this burden by "either: (1) showing that there is an absence of evidence supporting an essential element of the non-moving party's claim; or (2) presenting affirmative evidence that negates an essential element of the non-moving party's claim." *Hummel v. St. Joseph Cnty. Bd. of Comm'rs*, 817 F.3d 1010, 1016 (7th Cir. 2016) (citation omitted). In response, the non-movant "must make a sufficient showing on every element of his case on which he bears the burden of proof; if he fails to do so, there is no issue for trial." *Yeatts v. Zimmer Biomet Holdings, Inc.*, 940 F.3d 354, 358 (7th Cir. 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

In ruling on a motion for summary judgment, a court must construe all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Id.* (citation omitted). A court's role "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (citations omitted). Facts that are outcome determinative under the applicable law are material for summary judgment purposes. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## BACKGROUND

On or around August 29, 2018, the Defendants provided healthcare treatment to the Plaintiff. ECF No. 3 ¶ 9. In or around March of 2022, the Plaintiff discovered inadequacies in the healthcare treatment provided to her by the Defendants. *Id.* ¶ 10.

On November 7, 2022, the Plaintiff filed a Complaint [ECF No. 3] in the Lake County Superior Court against Anonymous Healthcare Providers 1–7, alleging that the medical care and treatment provided by the Defendants was careless, negligent, and failed to comply with appropriate standards of medical care and treatment required of healthcare providers in the State of Indiana. *Id.* ¶ 11. The Plaintiff further alleges that as a result of the Defendants' careless and negligent acts and/or omissions, the Plaintiff suffered serious bodily injury, additional medical expenses, pain and suffering, scarring, deformity, mental anguish, bodily impairment, and other losses, expenses, costs, and damages. *Id.* ¶ 12.

In the summonses [ECF No. 1-2], the Plaintiff identifies Queen A. Marsh as Anonymous Healthcare Provider 3. *See* ECF No. 1-2 at 1, 7. On June 2, 2023, Defendant Marsh removed the case to this Court, indicating that at the time of the alleged incident, "[Defendant] Marsh was 'deemed' to be a Public Health Service employee for purposes of 42 U.S.C. § 233." ECF No. 1. Along with the Notice of Removal, the United States Attorney for the Northern District of Indiana, acting as delegee of the U.S. Attorney General, certified that "Queen A. Marsh, M.D., is deemed to be an employee of the United States pursuant to 42 U.S.C. § 233, for federal statutory tort purposes," and "was acting within the scope of her employment . . . with respect to the incidents referred to in the complaint." ECF No. 1-3. Also on June 2, 2023, the Government filed a notice, pursuant to 42 U.S.C. § 233(c), substituting the United States as Defendant in place of Defendant Marsh. ECF No. 2.

On June 9, 2023, the Government filed the instant Motion. It argues under Federal Rule of Civil Procedure 12(b)(6) that the Plaintiff's Complaint fails to state a claim upon which relief can be granted, or alternatively that the Government is entitled to summary judgment because the Plaintiff failed to present an administrative tort claim before commencing an action under the

3

Federal Tort Claims Act ("FTCA"). ECF No. 6. The Plaintiff responded [ECF No. 10] on July 10, 2023, and the Government replied [ECF No. 11] on July 17, 2023.

## DISCUSSION

The basis for the Government's Motion is that the Plaintiff's claim is prohibited because the Plaintiff did not exhaust her administrative remedies prior to filing her Complaint, as required by 28 U.S.C. § 2675(a). The Plaintiff filed her Complaint on August 29, 2018, prior to filing an administrative claim, but in her response, she represents that she subsequently presented her claim to the appropriate federal agency on May 15, 2023. The Plaintiff argues that the interests of equity and preservation of judicial resources weigh in favor of staying the proceedings in this case until the conclusion of her administrative proceedings rather than dismissing the case as the Government requests. Finding the question settled by Seventh Circuit precedent, the Court grants the Government's Motion and dismisses the case based on the Plaintiff's failure to exhaust her administrative remedies.

In *McNeil v. United States*, a prisoner filed a lawsuit under the FTCA in March of 1989, prior to filing an administrative claim. 964 F.2d 647, 647–48 (7th Cir. 1992). The prisoner filed his administrative claim in June, three months after filing the lawsuit, and the Department of Health and Human Services ("DHHS") denied the prisoner's administrative claim on July 21, 1989. *Id.* at 648. The prisoner, instead of filing a new lawsuit after his administrative claim was denied, sought relief from the denial of his claim in the existing, March 1989 lawsuit. *Id.*

The Seventh Circuit affirmed the district court's dismissal of the case because the prisoner filed his lawsuit too early. *Id.* The Seventh Circuit acknowledged that "[t]wo courts of appeals have held that when the administrative claim is denied before any substantial progress has been made in the pending litigation, the suit need not be refiled to be effective . . . . To hold that refiling was necessary would involve duplicitous pleadings and wasted effort." *Id.* (internal

4

quotation marks and citations omitted). The Seventh Circuit then rejected the approach of those two courts as unsupported by the relevant statute, 28 U.S.C. § 2675(a). *Id.* ("Neither the third nor the eighth circuit discussed the language of § 2675(a): 'An action shall not be instituted upon a claim against the United States for money damages ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing' or six months have passed without decision." (citing 28 U.S.C. § 2675(a))). The Seventh Circuit explained that "[t]his statute does not authorize suits or postpone adjudication of suits; it forbids the institution of suits prior to the administrative decision." *Id.*

The Supreme Court affirmed the Seventh Circuit's decision. *McNeil v. United States*, 508 U.S. 106, 113 (1993). The Supreme Court rejected the argument that the prisoner's complaint was timely when filed, and it declined to view the lawsuit as "instituted" on the date DHHS denied the prisoner's administrative claim. *Id.* at 111. The Court held, "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. Because petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit." *Id.* at 113. The decisions of the Supreme Court and the Seventh Circuit have made the law clear. A lawsuit against the United States filed prior to an administrative claim is premature. *McNeil*, 508 U.S. at 113; *McNeil*, 964 F.2d at 648.

Here, the Court must grant the Motion to Dismiss because the Plaintiff filed her lawsuit against the United States prior to filing an administrative claim. The Plaintiff filed this lawsuit on November 7, 2022. The Plaintiff does not allege in her Complaint that she filed an administrative claim prior to filing this lawsuit. In fact, she states in her response brief that she filed her administrative claim on May 15, 2023, only after learning that Queen A. Marsh was a federal employee. Notwithstanding Indiana Code § 34-18-8-7, which states that in medical malpractice

5

actions being considered by a medical review panel, a "court is prohibited from taking any action except setting a date for trial," this lawsuit is premature as to the United States and must be dismissed. *See Est. of Rice v. Corr. Med. Servs.*, 596 F. Supp. 2d 1208, 1225 (N.D. Ind. 2009) (dismissing a medical malpractice claim under review by a medical review panel and explaining that Indiana Code § 34-18-8-7 does not affect a federal court's subject matter jurisdiction).

The Plaintiff argues that the principles of fairness and judicial economy support a stay rather than a dismissal. The Plaintiff primarily relies on *Jones v. United States*, No. 2:15-CV-443, 2016 WL 1089843 (N.D. Ind. Mar. 21, 2016), for support. In *Jones*, the plaintiff filed an administrative claim prior to filing a lawsuit, but the government argued that the lawsuit was premature because the administrative claim was insufficient. *Id.* at *2 ("The government argues that while Jones 'submitted his administrative claim using a standard SF-95 form for making such a claim, the submitted form was insufficient as to plaintiff's personal injury claim. The applicable statute requires that a plaintiff set forth a 'sum certain.' Plaintiff's statement 'to be determined' is insufficient.'"). The Plaintiff cites *Jones* for support because the *Jones* court, instead of dismissing the lawsuit as premature in light of the plaintiff's insufficient administrative claim, stayed the case for 90 days. *Id.* at *6.

*Jones*, however, does not persuade the Court to depart from the Supreme Court's and Seventh Circuit's decisions. First, *Jones* is meaningfully distinct from this case because the parties in *Jones* did not dispute that the plaintiff filed a timely administrative claim. *Id.* at *5. Second, the *Jones* court stayed the case, at first, to give the parties a chance at settling their dispute. *See id.* ("Since the government concedes in its reply brief that Jones submitted a valid and proper claim for personal injuries on or about December 2, 2015, this additional 90-day period will allow both sides time to negotiate a settlement as the FTCA provisions envision."). However, that court later dismissed the case as premature because the plaintiff filed his lawsuit

prior to his administrative claim. *See Jones v. United States*, No. 2:15-CV-443, ECF No. 16 (N.D. Ind. July 18, 2016). In its order, the court stated,

> The government is correct that exhaustion of administrative remedies is a prerequisite to filing a claim under the FTCA, as set forth in McNeil v. United States, supra. The court did not deny the government's motion to dismiss because the government misstated or misapplied the law. Rather, the court's denial–and the imposition of a 90-day stay–was based on the specific circumstances of this case.

*Id.* at 4.

The other cases cited by the Plaintiff in support of her request for a stay are also inapplicable. The decision in *Chambly v. Lindy*, 601 F. Supp. 959 (N.D. Ind. 1985) predates the Supreme Court's decision in *McNeil*, and this Court cannot say whether *Chambly* decision would have been the same after *McNeil*.

In both *Westray v. Amazon and Subsidiaries Short Term Disability Plan*, No. 1:19-CV-3290, 2020 WL 3035968 (S.D. Ind. June. 5, 2020) and *Nicodemus v. Life Insurance Company of North America*, No. 16 C 6968, 2017 WL 1511475 (N.D. Ill. Apr. 27, 2017), the courts granting stays rather than dismissals were applying the requirements of the Employment Retirement Income Security Act ("ERISA") rather than the FTCA. As demonstrated by *Nicodemus*, both that case and *Westray* applied a statutory scheme, under ERISA, that differs from that of the FTCA. For example, the court in *Nicodemus* considered whether the ERISA plaintiff's administrative exhaustion requirement may be excused by "the futility exception," under which "[c]ourts may excuse a failure to exhaust." 2017 WL 1511475 at *2. The Plaintiff in this case has not shown that the FTCA's administrative exhaustion requirement may similarly be excused. Indeed, the Supreme Court has stated, "The most natural reading of the statute[, 28 U.S.C. § 2675(a),] indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." *McNeil*, 508 U.S. at 112.

Further, *Westray* included a factual scenario not present in this case: the plaintiff in *Westray* filed his ERISA lawsuit prior to exhausting his administrative remedies because otherwise, his lawsuit would have been barred by the statute of limitations. 2020 WL 3035968 at *3. Also, the parties in *Westray* submitted a case management plan to the court in which both sides agreed to stay the proceedings pending the exhaustion of the plaintiff's administrative remedies. *Id.* Notwithstanding the cases cited by the Plaintiff, Seventh Circuit and Supreme Court precedent make it clear that the Plaintiff cannot pursue her lawsuit against the United States until she first exhausts her administrative remedies. *See Norman v. United States*, No. 2:11-CV-97, 2011 WL 5408479, *4 (N.D. Ind. Nov. 8, 2011) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. Because Norman failed to heed that clear statutory command, this Court lacks subject matter jurisdiction over her suit, and it must be dismissed." (internal quotation marks and citations omitted)).

## CONCLUSION

For the foregoing reasons, the Court GRANTS the United States' Motion to Dismiss Plaintiff's Complaint, or Alternatively for Summary Judgment [ECF No. 6] and DISMISSES Defendant United States of America from the case.

SO ORDERED on October 16, 2023.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT