## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| HEATHER M. MEEKS, <br>     Plaintiff, | ) <br> ) <br> ) |
| v. | )    Case No. 2:23-CV-00181-TLS-AZ |
| ANONYMOUS HEALTHCARE <br> PROVIDER 1 *et al*, <br>     Defendant. | ) <br> ) <br> ) <br> ) |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Heather M. Meeks' Motion for Leave to File Amended Complaint [DE 19], filed on May 15, 2024. Plaintiff seeks leave to amend her Complaint to add the United States as a defendant. The Government was previously dismissed as a defendant on October 16, 2023, because Meeks failed to exhaust her administrative remedies prior to filing suit. *See* DE 12. Nine days after the Court's dismissal of the United States, Meeks received a notice that her claim was denied, which constituted exhaustion of her administrative remedies. In response to Meeks' motion, the Government argues that: 1) a premature claim under the Federal Tort Claims Act (FTCA) cannot be cured through amendment, and 2) amendment would be futile because the six-month statute of limitations to bring FTCA claims after receipt of a notice of denial bars Meeks' claims. *See* DE 23.

For the following reasons, the Court finds that Meeks' proposed amendment cannot cure her previously-dismissed FTCA claim and denies her motion.

## BACKGROUND

On or around August 29, 2018, the Defendants provided healthcare treatment to Plaintiff Heather Meeks. DE 3 ¶ 9. In or around March of 2022, Meeks discovered what she believed were inadequacies in the healthcare treatment provided to her by the Defendants. *Id.* at ¶ 10.

On November 7, 2022, Meeks filed a Complaint [DE 3] in the Lake County Superior Court against Anonymous Healthcare Providers 1–7, alleging that the medical care and treatment provided by the Defendants was careless, negligent, and failed to comply with appropriate standards of medical care and treatment required of healthcare providers in the State of Indiana. *Id.* at ¶ 11. Meeks further alleges that as a result of the Defendants' careless and negligent acts and/or omissions, she suffered serious bodily injury, additional medical expenses, pain and suffering, scarring, deformity, mental anguish, bodily impairment, and other losses, expenses, costs, and damages. *Id.* at ¶ 12.

Meeks named seven healthcare providers as defendants in her state court complaint. *See* DE 3. On June 2, 2023, the United States removed the case to federal court and filed a notice, pursuant to 42 U.S.C. § 233(c), substituting the United States as Defendant in place of Defendant Queen A. Marsh, who was deemed to be a nurse employed by the federal government for the purposes of 42 U.S.C. § 233. *See* DE 1 and 2. On June 9, 2023, the Government filed a Motion to Dismiss, arguing, *inter alia*, that Meeks had failed to exhaust her administrative remedies before commencing an action under the FTCA. *See* DE 6.

On October 16, 2023, the Court granted the Government's motion, and dismissed the case as against the United States. *See* DE 12. The case remained pending as to the remaining Defendants (none of whom were employed by the United States).

Meeks received notice on October 25, 2023, from the Department of Health and Human Services (DHHS) that her administrative tort claim was denied. DE 19 at ¶ 7. More than six months later, on May 15, 2024, Meeks filed the instant Motion seeking leave to amend her complaint and again name the United States as a defendant. *See* DE 19. She argues a combination of excusable neglect and relation-back allow her to file the amended complaint. DE 19 at ¶ 7-8. In response, the Government argues that the Court does not need to determine whether any neglect was excusable because a premature claim under the FTCA cannot be cured through amendment. DE 23 at 3–4. Second, the Government argues that amendment would be futile because the statute of limitations bars Meeks' claims, as it was filed more than six months after receipt of the notice denying her administrative remedies and there is no basis to toll the statute of limitations. *See id.* at 6.

## DISCUSSION

Motions for leave to amend are typically controlled by the standards of Federal Rule of Civil Procedure 15(a). Rule 15(a) provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, if the underlying facts or circumstances

3

relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183).

When attempting to sue the United States for certain claims, the plaintiff must get around the sovereign immunity the federal government enjoys under the Constitution. *See FDIC v. Meyer,* 510 U.S. 471, 475 (1994). The FTCA waives that sovereign immunity and allows tort victims to bring claims against the United States, but only under certain circumstances and if the party follows specific requirements. *Id*. One of those requirements is that pursuant to 28 U.S.C. § 2401(b), plaintiffs must file their complaint within six months after having their administrative claim denied.

In *McNeil v. United States*, the Supreme Court affirmed the Seventh Circuit and held that administrative remedies must be completely exhausted before filing suit in federal court in FTCA cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). The Court stated "[t]he text of the statute . . . [that t]he command that an

4

'action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail' is unambiguous." *McNeil*, 508 U.S. at 111 (citation omitted). Any action in federal court may not occur before the administrative claim has been denied. *Id.* at 112 ("The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."). While the Court acknowledged that this requirement creates a burden on individual plaintiffs, the interest in the "orderly administration of this body of litigation is best served by adherence to the straightforward statutory command." *Id.* Simply put, when a party receives a notice that their administrative claim was denied, there is one action they must take to proceed: file a suit in federal court. "Unless [the plaintiff] began a *fresh* suit within six months after July 21, 1989, he loses." *Id.* at 110 (citing *McNeil v. United States*, 964 F.2d 647, 649 (7th Cir. 1992) (emphasis added)).

The Seventh Circuit expressly contrasted its decision in *McNeil* with the approach of the Third and Eighth Circuits, which had held that judicial economy favored staying a prematurely-filed case while the administrative process played out. *McNeil*, 964 F.2d at 647–48 ("Neither the third nor the eighth circuit discussed the language of § 2675(a): 'An action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have

5

been finally denied by the agency in writing or six months have passed without decision." (citing 28 U.S.C. § 2675(a))). Judge Easterbrook declared: "a person who receives a notice from an agency telling him exactly what to do (file a complaint) has no equitable claim to lenient treatment when he chooses to do something else." *Id.* at 649 (citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147 (1984)).

Subsequent cases have emphasized that complete exhaustion is required before any action can be filed in federal court. *See Norman v. United States*, No. 2:11-CV-097, 2011 WL 5408479, at *4 (N.D. Ind. Nov. 8, 2011) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. Because Norman failed to heed that clear statutory command, this Court lacks subject matter jurisdiction over her suit, and it must be dismissed.") (internal quotation marks and citations omitted). The *Norman* case follows a nearly identical fact pattern as this case: the plaintiff filed a state court complaint against two dentists, then filed an administrative claim. *Id.* at *1. The defendants then removed the case to federal court, and the United States was substituted as the defendant. *Id.* During the pendency of the case, the plaintiff's administrative claim was denied. *Id.* at *2. Despite exhausting her administrative remedies while the case was proceeding, the court fully dismissed the case because the complaint was filed prematurely under the FTCA. *Id.* at *4. This approach has been used in multiple districts, even in cases where the plaintiff attempted to file an amended complaint which related back to their original filing. *See generally Richardson v. United States*, 831 F.Supp. 657, 659 (N.D. Ind. 1993)); *Collier v.*

*Caraway*, No. 2:14-CV-365, 2017 WL 1077650, at *2, n. 1 (S.D. Ind. March 22, 2017), ("Simply put, the very filing of a complaint before exhaustion of the administrative process precludes an FTCA claim in that lawsuit.").

To sum up, Meeks cannot bring suit in federal court against the United States under the FTCA prior to exhausting her administrative remedies. And she cannot amend her complaint when the original complaint was categorically barred from being filed.[1] Meeks made arguments in her response to the Government's Motion to Dismiss which were in line with the approach of the Third and Eight Circuits, believing that fairness and judicial economy support a stay rather than dismissal, but that is not the law of the Seventh Circuit and was rejected by the Supreme Court in *McNeil*.[2] *See* DE 10. District Judge Springmann rejected those arguments and explained that the complaint did not meet the statutory requirements and must be dismissed under the Supreme Court's controlling decision in *McNeil*. *See* DE 12, *Meeks v. Anonymous Healthcare Provider 1*, 2023

---

[1] All courts agree that filing the complaint before exhaustion is barred. However, there is a split as to the basis. *See Copen v. United States,* 3 F.4th 875, 881 (6th Cir. 2021) ("The jurisdictional nature of § 2675(a) was simply assumed by the Supreme Court in *McNeil*—it did not "explicitly consider[] whether the dismissal should be for lack of subject matter jurisdiction or for failure to state a claim.") (citing *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361 (2nd Cir. 2000)).

[2] In her November 11, 2023, status report, Meeks stated she "maintains that this matter will continue to be stayed until the completion of the underlying action pursuant to the Indiana Medical Malpractice Act." DE 15 at ¶ 11. In Judge Springmann's prior order, however, the District Court fully analyzed and rejected Meeks' argument for a stay. *See* DE 12, *Meeks v. Anonymous Healthcare Provider 1*, 2023 WL 6847012 (N.D. Ind. Oct. 16, 2023).

WL 6847012 at *4 (N.D. Ind. Oct. 16, 2023)

Judge Springmann's reasoning is as correct today as it was in October 2023; Meeks needed to file a *new* complaint after exhausting her administrative remedies. The statute bars her invocation of the judicial process prior to exhaustion, and she cannot amend the complaint to cure her failure to comply with 28 U.S.C. § 2675(a). Meeks was informed via the notice from DHHS to file a suit within six months of its mailing. Her counsel acknowledged this specific deadline in a status report filed with the Court in November 2023. *See* DE 15 at ¶ 10 ("Accordingly, now that Plaintiff has exhausted her administrative remedies, she intends to refile her claims against the United States in this Court. ***The deadline for filing is April 25, 2024.***") (emphasis added). Instead of following these instructions, she attempted to amend her original complaint more than six months later. This is contrary to the command of the notice from DHHS and violates the statutory requirements of the FTCA.

Because this issue is dispositive of the motion to amend, the Court need not address the Government's futility and statute of limitations arguments, nor Plaintiff's argument that she may avail herself of Rule 15(c) and the "relation back doctrine" regarding the timeliness of her proposed amended complaint. But it is worth noting that leave to amend was sought more than six months after Meeks received the notice from DHHS and even "excusable neglect" by counsel is not a basis to toll the statute of limitations. *See Blanche v. United States*, 811 F.3d 953, 962 (7th Cir. 2016).

8

**Conclusion**

For the foregoing reasons, the Court hereby **DENIES** Plaintiff Meeks' Motion for Leave to File Amended Complaint [DE 19].

SO ORDERED this 7th day of October, 2024.

s/ *Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT
