UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| HEATHER M. MEEKS, <br><br> Plaintiff, <br><br> v. <br><br> ANONYMOUS HEALTHCARE <br> PROVIDER 1, et al., <br><br> Defendants. | CAUSE NO.: 2:23-CV-181-TLS-AZ |

**OPINION AND ORDER**

This matter is before the Court sua sponte. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

On November 7, 2022, the Plaintiff filed a Complaint [ECF No. 3] in the Lake County, Indiana, Superior Court against Anonymous Healthcare Providers 1–7, alleging that the medical care and treatment provided by the Defendants was careless, negligent, and failed to comply with appropriate standards of medical care and treatment required of healthcare providers in the State of Indiana. *Id*. ¶ 11. The Plaintiff further alleges that as a result of the Defendants' careless and negligent acts and/or omissions, the Plaintiff suffered serious bodily injury, additional medical expenses, pain and suffering, scarring, deformity, mental anguish, bodily impairment, and other losses, expenses, costs, and damages. *Id*. ¶ 12.

In the summonses [ECF No. 1-2], the Plaintiff identifies Queen A. Marsh, MD as Anonymous Healthcare Provider 3. *See* ECF No. 1-2 at 1, 7. On June 2, 2023, Defendant Marsh removed the case to this Court, indicating that at the time of the alleged incident, "[Defendant] Marsh was 'deemed' to be a Public Health Service employee for purposes of 42 U.S.C. § 233." ECF No. 1, ¶ 2. Along with the Notice of Removal, the United States Attorney for the Northern

District of Indiana, acting as delegee of the U.S. Attorney General, certified that "Queen A. Marsh, M.D., is deemed to be an employee of the United States pursuant to 42 U.S.C. § 233, for federal statutory tort purposes," and "was acting within the scope of her employment . . . with respect to the incidents referred to in the complaint." ECF No. 1-3.[1] Also, on June 2, 2023, a notice was filed pursuant to 42 U.S.C. § 233(c), substituting the United States as Defendant in place of Defendant Marsh. ECF No. 2.

On June 9, 2023, the United States filed a Motion to Dismiss [ECF No. 6], arguing under Federal Rule of Civil Procedure 12(b)(6) that the Plaintiff's Complaint fails to state a claim upon which relief can be granted against the United States because the Plaintiff failed to present an administrative tort claim before commencing an action under the Federal Tort Claims Act. *See* 28 U.S.C. § 2675(a).[2] On October 16, 2023, the Court granted the Government's Motion to Dismiss, dismissing the United States of America from the case. ECF No. 12.

Because the instant action was removed from the Lake County Superior Court based on 42 U.S.C. § 233(c), the only federal Defendant—the United States of America—was

---

[1] Pursuant to 42 U.S.C. § 233(c)
> Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto.

42 U.S.C. § 233(c).

[2] 28 U.S.C. § 2675(a) provides that "[a]n action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). The Seventh Circuit has explained that "[t]his statute does not authorize suits or postpone adjudication of suits; it forbids the institution of suits prior to the administrative decision." *McNeil v. United States*, 964 F.2d 647, 648 (7th Cir. 1992). And, the Supreme Court affirmed the Seventh Circuit's interpretation of 28 U.S.C. § 2675(a). *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

subsequently dismissed, and there are no remaining claims alleged under federal law or the United States Constitution, *see* 28 U.S.C. § 1331; *see also* ECF Nos. 1, 12, it appears that the basis of the Court's subject matter jurisdiction over the remaining claims is either supplemental jurisdiction under 28 U.S.C. § 1367(a) or, if it can be demonstrated, original jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.

Diversity jurisdiction exists when the parties to an action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). It is unclear whether either requirement is met in this case, although it appears at a minimum that there may not be diversity of citizenship. The Complaint alleges that the Plaintiff "resided in Jasper County, Rensselaer, Indiana," and the Defendants Anonymous Healthcare Providers 1–2, 4–7 are "licensed in the State of Indiana and practicing medicine in Lake County." Compl. ¶¶ 1–3, 5–8. However, citizenship of a natural person is determined by domicile, not by residence, state of licensure, or state of employment. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58–59 (7th Cir. 1996) (explaining that statements concerning a party's "residence" are not proper allegations of citizenship as required by 28 U.S.C. § 1332).

As this case was removed by the now-dismissed Defendant United States, it is unclear whether the Plaintiff intends to assert that the Court retains subject matter jurisdiction over the case based on diversity jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) (recognizing that the party seeking to invoke the court's jurisdiction bears the burden of

demonstrating that the jurisdictional requirements have been met); *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802–03 (7th Cir. 2009). Thus, the Plaintiff will be given an opportunity to make the necessary showing, if appropriate. If it is not shown that the Court has original subject matter jurisdiction based on diversity of citizenship, the Court will decline to exercise supplemental jurisdiction over the remaining claims and remand the case pursuant to 28 U.S.C. § 1367(c)(3).

## CONCLUSION

For the reasons set forth above, the Court hereby SETS a deadline of November 15, 2024, for the Plaintiff to file, if appropriate, a supplemental jurisdictional statement identifying the domiciles of the Plaintiff and the Defendants Anonymous Healthcare Providers 1–2, 4–7 as of November 7, 2022, the date the Complaint was filed. If no supplemental jurisdictional statement is filed by the deadline, the Court will REMAND the case to the Lake County, Indiana, Superior Court without further notice to the Plaintiff.

SO ORDERED on October 31, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

4